**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**Richard Roberts,**
 113 South Highland Avenue
Cheswick PA 15024

                                         **Civil No.**_____

**Plaintiff,**

v.

**Jeffrey L. Fillmore, M.D.,**
257 West Patrick Street
Frederick, Maryland 21701

**and**

**Emergency Physician Associates, P.A.;**

Serve Registered Agent:       Mary Kalis
                                         257 West Patrick Street
                                         Frederick, Maryland 21701

 **Defendants.**

**COMPLAINT**
**(Medical Negligence)**

**Parties and Jurisdiction**

1. This is a medical negligence case concerning a doctor's failure to act on signs that a patient had an impending detachment of the retina in one of his eyes, which led to blindness in that eye. The plaintiff filed a claim in the Maryland Health Claims Alternative Dispute Resolution Office on December 1, 2009, and thereafter waived arbitration pursuant to Md. Code Cts. & Jud. Proc. Section 3-2A-06B(b)(1).

2. The plaintiff is Richard Roberts. Mr. Roberts resides at 113 South Highland Avenue, Cheswick, Pennsylvania 15024.

3.  The defendant Jeffrey L. Fillmore, M.D. resides at 5145 Sidney Road, Mount Airy, Maryland 21771.

4.  Emergency Physician Associates, P.A. is a Maryland Corporation (ID# D01070903) with its principal offices located at 257 West Patrick Street, Frederick, Maryland 21701.

5.  This court has jurisdiction because the parties are of diverse citizenship, under 28 U.S. Code § 1332(a)(1).  The plaintiff Mr. Roberts is a citizen of Pennsylvania.  The defendant Dr. Fillmore is a citizen of Maryland, and the defendant Emergency Physician Associates, P.A., is incorporated and has its principal place of business in Maryland. The amount in controversy exceeds $75,000, not counting interest and costs.

**Facts Giving Rise to Claims**

6.  On Friday, November 2, 2007, Mr. Roberts was treated at Frederick Memorial Hospital's Emergency Room by Jeffrey L. Fillmore, M.D.

7.  Dr. Fillmore is an emergency medicine physician, who was employed at all relevant times by Emergency Physician Associates,   P.A., which is liable for any damages caused by his negligence.

8.  Dr. Fillmore was acting within the scope of his employment by Emergency Physician Associates, P.A. throughout his treatment and care of Mr. Roberts.

9.  Dr. Fillmore owed Mr. Roberts a duty to care for him using that degree of care and skill which a reasonably competent health care provider, engaged in a similar practice and acting in similar circumstances, would use.

10. Dr. Fillmore's examination of Mr. Roberts on November 2, 2007 confirmed that Mr. Roberts presented to Frederick Memorial Hospital's emergency room with "floaters," a black quarter-moon appearance in his visual field, and a slight loss of peripheral vision—

all in the left eye. These were signs that he was having a detachment of the retina, the visual sensor that lines the back of the eye. When the retina lifts off from its supporting structure, its ability to send visual images to the brain is disrupted. Blindness can ensue unless the detachment is promptly fixed by an ophthalmologist.

11. Dr. Fillmore was aware of Mr. Roberts' past surgical history including Lasik, cataract surgery with lens replacement and YAG Laser procedures in the left eye, the eye within which the patient was experiencing symptoms.

12. Dr. Fillmore was negligent and violated the standard of care in the following respects:

   a. He failed to secure an immediate consultation with an ophthalmologist before discharging Mr. Roberts.

   b. He failed to interact or document any interaction with an ophthalmologist during Mr. Roberts' emergency room evaluation.

   c. Having failed to secure a consultation, Dr. Fillmore failed to obtain a specific urgent and confirmed evaluation for Mr. Roberts to be evaluated by an ophthalmologist.

   d. He failed to consider Mr. Roberts' past history of eye surgery as a factor weighing in the urgency to obtain an immediate consultation and referral to an ophthalmologist.

   e. He failed to counsel the patient about the urgency of the situation and the risk to his vision without immediate action.

13. If Dr. Fillmore had conformed to the standard of care, and obtained a timely consultation and evaluation of Mr. Robert's eye condition, it is likely the retinal detachment would have been discovered and repaired without loss of vision. His failure to promptly secure

an evaluation by an ophthalmologist resulted in a delay in the performance of appropriate testing and the diagnosis of a problem with Mr. Roberts' retina and resulted in a delay in definitive treatment and care.

14. On Sunday, November 4, 2007, Mr. Robert's undiagnosed retinal detachment progressed, and the delay in diagnosis and treatment caused the permanent loss of vision in his left eye.

15. As a proximate result of Dr. Fillmore's negligence, Mr. Roberts permanently lost vision in the left eye and:

   a. experienced medical and related expenses, which will continue;

   b. endured physical pain, emotional suffering, mental anguish and loss of enjoyment of life, which will continue throughout his life;

   c. needs assistance in activities of daily living;

   d. suffered a needless loss of stereoscopic vision; and

   e. lost income, and will lose further income and earning capacity.

14. The plaintiff demands judgment of the defendants, Jeffrey L. Fillmore, M.D. and Emergency Physician Associates, P.A., jointly and severally, in an amount in excess of the court's jurisdictional limit and in conformity with the proof at trial.

Respectfully submitted,

_____
Patrick A. Malone, Esquire (Bar No. 06752)

_____
Leonard W. Dooren, Esquire (Bar No. 11105)
PATRICK MALONE & ASSOCIATES, P.C.
1331 H Street, N.W.
Suite 902
Washington, D.C. 20005
P: 202-742-1500
F: 202-742-1515
*Attorneys for the Plaintiff*


## JURY DEMAND

The plaintiff demands trial by jury.

_____
Patrick A. Malone